UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   5:26-cv-03898-BFM                      Date:   July 22, 2026

Title:          *Maria Teresa Gonzalez Conrrado v. James Janecka et al*

==================================================================

Present:   The Honorable <u>Brianna Fuller Mircheff, United States Magistrate Judge</u>

<table>
<tr><td><u>Christianna Howard</u></td><td><u>N/A</u></td></tr>
<tr><td>Deputy Clerk</td><td>Court Reporter / Recorder</td></tr>
<tr><td>Attorneys Present for Petitioner</td><td>Attorneys Present for Respondent</td></tr>
<tr><td>N/A</td><td>N/A</td></tr>
</table>

**Proceedings:     (In Chambers) Order Granting Petition (ECF 1)**

Petitioner Maria Teresa Gonzalez Conrrado filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on July 13, 2026. (ECF 1.) Respondents filed an answer noting that they did not oppose the Petition, and Petitioner filed her reply. (ECF 8, 9.) For the reasons stated below, the Petition is **granted**.

## I.    Factual Background

Petitioner is a noncitizen who is currently detained at the Adelanto ICE Processing Center. (ECF 1 ("Pet.") ¶ 1.) She entered the United States on December 11, 2022, and was detained and processed by DHS. (Pet. ¶ 2.) Shortly thereafter, on December 13, 2022, Petitioner was released on humanitarian parole. (Pet. ¶ 2; ECF 1-1 at 4-5.) Following her release, Petitioner found a job, married her husband, and lived with family. (Pet. ¶¶ 54, 57.) Petitioner also applied for asylum. (Pet. ¶¶ 3, 55.) Petitioner complied with all the conditions of her release, including uploading required photos and attending required ICE appointments. (Pet. ¶¶ 3, 54, 56, 59.)

On June 15, 2026, Petitioner was detained at her ICE check-in. (Pet. ¶ 58.) Beyond vaguely referencing employment authorization paperwork, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-03898-BFM                    **Date:**  July 22, 2026

**Title:**        *Maria Teresa Gonzalez Conrrado v. James Janecka et al*

========================================================================

ICE officers did not explain to Plaintiff why she was being re-detained. (Pet. ¶ 59.) Plaintiff was then transferred to Adelanto ICE Processing Center. (Pet. ¶ 60.) Prior to her detention, Petitioner did not receive any notice or hearing to determine whether she posed a flight risk or danger to the community. (Pet. ¶¶ 1, 59, 75.)

## II.    Analysis

Petitioner argues that her detention violates due process and asks for release. (Pet. ¶¶ 71-75.)

Respondents filed a non-opposition to the Petition. (ECF 8 at 2.) Respondents' failure to oppose Petitioner's claim itself is a basis to grant the Petition. *See Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

Beyond that, Petitioner's claim is meritorious. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The protection afforded by the Due Process Clause runs to citizens and noncitizens alike. *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)) (cleaned up) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings."). Evaluating the contours of Petitioner's due process rights proceeds in two steps: "the first asks whether there exists a protected liberty

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-03898-BFM                    **Date:**   July 22, 2026

**Title:**        *Maria Teresa Gonzalez Conrrado v. James Janecka et al*

==================================================================

interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

     1.    *Protected liberty interest*

On the first point, the Court finds that Petitioner has a protected liberty interest in remaining at liberty in the community absent sufficient justification for her re-detention.

Conditional release from physical restraint may give rise to a protected liberty interest. *Young v. Harper*, 520 U.S. 143, 147-49 (1997). Once an individual is granted conditional release, therefore, she may have a protected liberty interest in remaining in the community—and an attendant right to procedural protections before that liberty is revoked. *See id.* (due process requires pre-deprivation hearing before revocation of pre-parole); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (same, in probation context); *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (same, in parole context). In deciding whether a specific form of conditional release gives rise to a protected liberty interest, courts compare the form of conditional release at issue with the parolee's liberty interest as described in *Morrissey v. Brewer*, a seminal case in this area. *See González-Fuentes v. Molina*, 607 F.3d 864, 887 (1st Cir. 2010) (internal quotation marks and citation omitted).

In *Morrissey*, the Supreme Court explained that parole enables a parolee "to do a wide range of things" available to individuals who have never been convicted of any crime—to live at home, work, be with her friends and family, and "form the other enduring attachments of normal life." *Morrissey*, 408 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-03898-BFM                    **Date:**  July 22, 2026

**Title:**        *Maria Teresa Gonzalez Conrrado v. James Janecka et al*

=====================================================================

at 482. "Though the [government] properly subjects [the parolee] to many restrictions not applicable to other citizens," including monitoring and requiring authorization to work and travel, the parolee's "condition is very different from that of confinement in a prison." *Id.* Moreover, a parolee "relie[s] on at least an implicit promise that parole will be revoked only if she fails to live up to the parole conditions." *Id.* The revocation of parole undoubtedly "inflicts a grievous loss on the parolee," and as such, a parolee possesses a protected interest in her continued liberty. *Id.* at 481-84.

Petitioner was given humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) and was released pending adjudication of her asylum application. (Pet. ¶¶ 1, 3, 55; ECF 1-1 at 12.) The grant of humanitarian parole under § 1182(d)(5)(A) was an implicit promise that Petitioner would be able to stay in the community until "the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served." 8 U.S.C. § 1182(d)(5)(A). The purpose of parole in this case was to permit Petitioner to pursue her asylum claim—a purpose that has not yet been fulfilled. (Pet. ¶ 3 (asylum claim remains pending).) Petitioner relied on this promise, conditional as it was: she built a life in the United States. (Pet. ¶¶ 54, 57.) She maintained employment. (Pet. ¶ 57.) The Court thus concludes—as have many courts in this Circuit—that once Petitioner was released on humanitarian parole, she gained a protected liberty interest in remaining out of custody. *E.g.*, *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1163-64 (S.D. Cal. 2025) (arriving alien who was paroled into the United States on humanitarian parole has liberty interest in his continued release); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098, 1108-10 (E.D. Cal. 2025); *see also Mohammadi v. Bondi*, No. C26-420-MLP, 2026 WL 607767, at *5 (W.D. Wash. Mar. 4, 2026) (collecting cases).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-03898-BFM                     **Date:**  July 22, 2026

**Title:**        *Maria Teresa Gonzalez Conrrado v. James Janecka et al*

===================================================================

2.     *Process owed in connection with re-detention*

Given that Petitioner has a protected liberty interest in her conditional release, the question is what process she is owed before the government would take that liberty interest away. Petitioner claims that due process required process *before* she was taken into custody. (Pet. ¶ 46.) She thus argues that the appropriate habeas remedy is for her to be released back to the community. (Pet. ¶¶ 72-75.) The Court agrees.

To determine what procedures are constitutionally sufficient to protect a liberty interest, the Court applies the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (assuming, without deciding, that *Mathews v. Eldridge* applies in immigration detention context, and collecting authority applying *Mathews* to immigration detention). The *Mathews* test balances three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335. Each of the three *Mathews* factors supports Petitioner's constitutional right to process *before* she was re-detained.

As to the first factor, and as set out in the prior section, the liberty interest at stake here is significant. Petitioner has a substantial interest in remaining in her home, working, and maintaining her relationships in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-03898-BFM          **Date:**   July 22, 2026

**Title:**        *Maria Teresa Gonzalez Conrrado v. James Janecka et al*

================================================================

community. *See Ortega*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) (holding that petitioner had a substantial liberty interest where he had been released from custody for 18 months and was living with his wife, spending time with his mother and other family members, working as a bicycle mechanic, and developing friendships in his community).

Turning to the second *Mathews* factor, there is a significant risk that the government will erroneously deprive Petitioner of that liberty interest if it does not provide her with pre-deprivation process. The crux of due process "is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)) And where a petitioner has not received any custody hearing or other process in connection with the revocation of her parole, "the risk of an erroneous deprivation [of liberty] is high." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) (cleaned up).

As noted above, Section 1182 provides that individuals released on humanitarian parole may be detained "when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served." 8 U.S.C. § 1182(d)(5)(A). That provision is an implicit promise that humanitarian parole will not be revoked unless the purposes of the parole have been served. *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1144-45 (D. Or. 2025). Respondents' own regulations align with that reading: they state that termination of humanitarian parole occurs when the purposes of parole have been accomplished or when, in the opinion of a defined group of officials, neither humanitarian reasons nor public benefit warrants her continued presence. 8 C.F.R. § 212.5(e)(2)(i). Once she was released, then, Petitioner had a liberty interest "in remaining at liberty unless [he] no longer meets those criteria." *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185, at *13 (E.D. Cal. Sept. 5, 2025) (cleaned up). In the case of humanitarian

Page **6** of **8**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-03898-BFM            **Date:**   July 22, 2026

**Title:**       *Maria Teresa Gonzalez Conrrado v. James Janecka et al*

======================================================================

parole, that means at least: "(1) a decision by an appropriate official on whether the purpose of parole has been served; (2) written notice of the reasons for the termination; and (3) an opportunity to rebut the reasons given for the termination." *Velasquez-Chinga v. Noem*, No. 3:26-CV-00105-RBM-KSC, 2026 WL 311507, at *3 (S.D. Cal. Feb. 5, 2026). But there is no evidence that any of those three things occurred here.

Finally, Respondents have not articulated any countervailing government interest—the third and final *Mathews* factor—that supports providing this process only after Petitioner's parole has been revoked. Due process "usually" requires a hearing *before* the State deprives a person of liberty or property. *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). Exceptions to that general rule are appropriate where quick action is necessary or where it is impractical to impossible to provide pre-deprivation process. *Id.* at 128. But neither of those exceptions appears to apply here—that is, Respondents have not presented any argument that quick action was necessary. (ECF 8.)

In short, "[i]f the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing [or other procedure] is low." *Ortega*, 415 F. Supp. 3d at 970; *see also Morrissey*, 408 U.S. at 483 (noting that "the State has an overwhelming interest in being able to return the individual to imprisonment without the burden of a new adversary criminal trial[,] . . . [y]et, the State has no interest in revoking parole without some informal procedural guarantees"). Because each of the *Mathews* factors favors Petitioner's bid for pre-deprivation process, the Court finds that Petitioner's detention—which was accompanied by *no* process—violates the Due Process Clause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-03898-BFM          **Date:**   July 22, 2026

**Title:**       *Maria Teresa Gonzalez Conrrado v. James Janecka et al*

======================================================================

### III.  Appropriate Remedy

As has been found in countless similar cases in this Circuit, the appropriate remedy in such cases is to order Petitioner placed in the position she would have been absent the due process violation—that is, she should be released from custody on the conditions that were initially imposed. *E.g., Velasquez-Chinga v. Noem*, 2026 WL 311507, at *3; *Rodriguez Cabrera v. Mattos*, 808 F. Supp. 3d 1159, 1182 (D. Nev. 2025); *Mohammadi*, 2026 WL 607767, at *7.

### IV.  Conclusion

Accordingly, Claim Three in the Petition (Pet ¶¶ 71-75.) is **granted**. Petitioner Maria Teresa Gonzalez Conrrado (A#246-547-232) is ordered immediately released on the parole conditions previously imposed.

Claims One and Two in the Petition (Pet. ¶¶ 65-70) are denied as moot in light of the relief granted on Claim Three.

Petitioner's counsel shall file a status report confirming Petitioner's release within three days of her release from custody; if release is delayed for any reason, Petitioner shall promptly notify the Court. Upon receipt of confirmation that Petitioner has been released, judgment will issue and the Court will close the case.

**IT IS SO ORDERED**

cc:    Counsel of Record

Initials of Preparer:    ___ch___